# EXHIBIT
# A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

ELIYAHU COHEN, an individual,

       Plaintiff,

vs.

FACSAN LLC n/k/a NV 48 LLC, a Florida
Limited Liability Company

       Defendant.

_____/

**COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff, Eliyahu Cohen ("Tenant") by and through his undersigned counsel, sues

Defendant, Facsan LLC n/k/a NV 48 LLC ("Landlord") and alleges as follows:

**JURISDICTION AND VENUE**

1.     This is an action for damages in excess of $50,000.00, exclusive of interest, costs,

and attorneys' fees and for Declaratory Relief.

2.     Plaintiff, Eliyahu Cohen is an individual who signed a residential lease in Miami-

Dade County, Florida and is otherwise sui juris.

3.     Defendant, Facsan LLC n/k/a NV 48 LLC, is a Florida limited liability company

conducting business in Miami-Dade County, Florida and with its principal place of business in

Miami-Dade County, Florida.

4.     Venue is proper in this Court because the causes of action set forth in this Complaint

occurred in, and/or accrued in, Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

5.      This matter involves undisputed and excessively loud daily construction noise that has—and continues to—interfere with the Tenant's right to quiet enjoyment of his luxury residential condominium unit.

6.      On or about August 21, 2022, the parties entered into a lease (the "Lease") for the condominium residence located at 18501 Collins Avenue Unit 1503 Sunny Isles, FL 33160 ("the Premises"). A true and correct copy of the Lease is attached hereto as Exhibit "A".

7.      Pursuant to page 4 of the Lease, Landlord warranted that Tenant shall have "Quiet Enjoyment" of the Premises.

8.      The Lease, which has an initial term of three years, provides for rent to be paid in advance for a period of eighteen (18) months and thereafter in advance again for two (2) consecutive nine (9)-month periods.  The rental amount under the Lease is calculated at $27,000.00 per month.

9.      On or about September 14, 2022, the parties entered an Addendum to the Lease which provided for, among other things, a September 21, 2022 Lease commencement date.  A true and correct copy of the Lease Addendum is attached hereto as Exhibit "B".

10.     Pursuant to the Lease and Lease Addendum, Tenant took possession of the Premises on or about September 21, 2022.

11.     Upon taking possession of the Premises, Tenant—with the approval of Landlord—made several improvements to the Premises at Tenant's own expense of approximately $100,000.00.

12.     Tenant undertook this $100,000.00 improvement to the Premises in reliance on the Three (3)-year Lease term, his right to exercise the option to further extend such term for an additional year, and Landlord's warranty regarding the right to quiet enjoyment of the Premises.

13.     At the time of taking possession of the Premises, Tenant had complied with all of his obligations, including payment of $486,000.00 for the first 18-months of rent, payment of deposit monies required by the Lease and payment of the $6,250.00 referenced in the Lease Addendum.

14.     Unbeknownst to Tenant, however, was that the condominium building had many Units that were vacant from since their initial construction and were "design-build" units---such that construction was mandatory in such units prior to occupancy.

15.     The fact that the units in the building were design-build units and that many such units in the building--including those adjacent to Landlord's--- had not yet undergone construction was known to the Landlord prior to the Lease being signed.

16.     Landlord did not disclose to Tenant the design-build nature of the units and/or did not disclose that adjoining units had yet to undergo construction.

17.     Upon taking possession of the Premises, Tenant has been subject to day-long construction noise that is blatantly loud and excessively uncomfortable for Tenant emanating from adjoining units in the condominium building.

18.     The noise from adjoining unit construction has gone on for months and continues unabated.

19.     The construction noise is constant and pervasive and renders peaceful living in the Premises impossible.

20.     Tenant has retained the undersigned attorneys to enforce his rights in this action and is obligated to pay their reasonable fees.

21.     All conditions precedent to the relief sought herein have occurred, have been performed, or have been waived.

## COUNT I
### (Breach of Contract)

22.     Tenant realleges paragraphs 1 through 21 as though fully set forth herein.

23.     Tenant and Landlord entered into the Lease.

24.     Landlord has materially breached the Lease by failing to provide a tenable living space and by failing to provide a living space that can reasonably be deemed to provide Tenant quiet enjoyment thereof.

25.     Tenant performed all of his obligations under the Lease.

26.     As a result of Landlord's breach, Tenant has suffered damages.

WHEREFORE, Plaintiff Eliyahu Cohen demands judgment against Defendant, Facsan LLC n/k/a NV 48 LLC for compensatory damages, attorneys' fees pursuant to page 5 of the Lease, together with pre-judgment and post-judgment interest, and for such further relief as this Court deems just and proper.

## COUNT II
### (Breach of Express Warranty)

27.     Tenant realleges paragraphs 1 through 21 as though fully set forth herein.

28.     Tenant and Landlord entered into the Lease.

29.     Landlord has materially breached its warranty that Tenant '..shall have quiet and peaceful enjoyment of the property…".

30.     Tenant performed all of his obligations under the Lease.

31.     As a result of Landlord's breach, Tenant has suffered damages.

WHEREFORE, Plaintiff Eliyahu Cohen demands judgment against Defendant, Facsan

LLC n/k/a NV 48 LLC for compensatory damages, attorneys' fees pursuant to page 5 of the Lease,

together with pre-judgment and post-judgment interest, and for such further relief as this Court

deems just and proper.

**COUNT III**
**(Breach of the Common Law Implied**
**Right of Quiet Enjoyment)**

32.     Tenant realleges paragraphs 1 through 21 as though fully set forth herein.

33.      Tenant and Landlord entered into the Lease.

34.     Landlord has materially breached the common law right of the Tenant to quiet

enjoyment of the Premises.

35.     Tenant performed all of his obligations under the Lease.

36.     As a result of Landlord's breach, Tenant have suffered damages.

WHEREFORE, Plaintiff Eliyahu Cohen demands judgment against Defendant, Facsan

LLC n/k/a NV 48 LLC for compensatory damages, together with pre-judgment and post-judgment

interest, and for such further relief as this Court deems just and proper.

**COUNT IV**
**(Fraud in the Inducement)**

37.     Tenant realleges paragraphs 1 through 21 as though fully set forth herein.

38.     Prior to the Lease being executed, Landlord promised the Premises would be usable

as a luxury residence with the conditions that provided for a quite use and enjoyment of the

Premises.  Prior to the Lease being executed, Landlord failed to disclose the design-build nature

of the units in the building and failed to disclose that units adjoining the Premises had not yet

undergone construction.

39.     Each of these representations was knowingly false when made by Landlord and/or purposely concealed by Landlord.

40.     Landlord made these false representations and concealments to induce Tenant to execute the Lease and pre-pay 18 months of rent and deposits and invest $100,000.00 for improvements to the Premises.

41.     Tenant reasonably relied on the misrepresentations and concealment by Landlord to his detriment.

42.     As a result of his reasonable reliance, Tenant has suffered damages.

43.     Tenant reserves the right to amend this claim and seek punitive damages against Landlord regarding this claim upon proper proffer and motion to the Court under Florida law.

WHEREFORE, Plaintiff Eliyahu Cohen demands judgment against Defendant, Facsan LLC n/k/a NV 48 LLC, for compensatory damages, pre-judgment and post-judgment interest, and for such further relief as this Court deems just and proper.

## COUNT V
### (Declaratory Relief)

44.     Tenant reallege paragraphs 1 through 21 as though fully set forth herein.

45.     This is an action for declaratory relief pursuant to Chapter 86 of the Florida Statutes.

46.     Tenant has suffered losses and been constructively evicted from the Premises as a result of the construction noise pervasive in the Premises.

47.     As a result, Tenant's legal rights are in dispute with regard to the 18 months of rent and improvement costs that has already been pre-paid as well as his upcoming Lease obligation to prepay 2 periods of 9-months of rent.

48.     There is a bona fide and actual present dispute between Tenant and Landlord regarding the interpretation of the Lease, the proper return of pre-paid rent and improvement costs and the legal status of any upcoming obligation to pre-pay 2 nine (9) month periods of rent.

WHEREFORE, Plaintiff Eliyahu Cohen respectfully requests that the Court enter a declaratory judgment as follows:

A.     Judgment that Landlord has constructively evicted Tenant from the Premises such that pre-paid rent must be refunded to Tenant, a refund of the $100,000 of improvement costs be paid to Tenant by Landlord and that Tenant is not required to pay the upcoming 2 nine-month periods of rent in 2024 and 2025; and

B.     Award Tenant his reasonable attorneys' fees and costs pursuant to the Lease; and

C.     Any such other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demands trial by jury for all claims hereunder so triable.

Respectfully submitted,

By:   _s/Darin A. DiBello_
        Darin A. DiBello
        Florida Bar No. 957615
        FASI & DIBELLO, PA
        150 S.E. 2nd Avenue, Suite 1010
        Miami FL   33131
        Ph:     (305) 537-0469
        Fax:     (305) 503-7405
        dibello@fasidibellolaw.com
        perry@fasidibellolaw.com
        *Attorneys for Plaintiff*

# FLORIDA RESIDENTIAL LEASE AGREEMENT

THIS LEASE AGREEMENT hereinafter known as the "Lease" is entered into this 21$^{sr}$ day of August, 2022, by and between **FACSAN LLC, a Delaware limited liability company**, hereinafter known as the "Landlord" and **Eilyahu Cohen and Anna Tkachenko**, hereinafter known as the "Tenant(s)".

WHEREAS, the Landlord desires to lease the Property defined herein under the terms and conditions as set forth herein; and

WHEREAS, the Tenant(s) desires to lease the Property defined herein from the Landlord under the terms and conditions set forth herein.

NOW, THEREFORE, for and in consideration of the covenants and obligations contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

**PROPERTY.** The Landlord owns property and improvements located at **18501 Collins Ave., Unit 1503, Sunny Isles FL 33160** (hereinafter referred to as the "Property").

**LEASE TERM.** This Lease shall commence on the 1st day of October, 2022, and end on 30th. day of September, 2025 (hereinafter referred to as the "Term"), unless otherwise terminated in accordance with the provisions of the Lease. This is a lease for a term in excess of one (1) year and, accordingly, is being witnessed and notarized by the parties in compliance with Fl. Statute 689.01. Upon the end of the Term, Tenant(s) shall vacate the Property and deliver the same to the Landlord unless:
- the Lease is formally extended by the Landlord and the Tenant(s) in writing signed by both Parties; or
- the Landlord willingly accepts Rent from the Tenant(s) for a period beyond the original Term. Where the Landlord accepts Rent for a period beyond the original Term, without a formal extension agreed to in writing by both Parties, a month-to-month tenancy will be created.
- Tenant(s) has exercised their option to extend this Lease.

**OPTION TO EXTEND:** Tenant shall have the option to extend the lease for an additional year upon termination of the original term by providing written notice to the Landlord at least 60 days before the expiration of the original term. The monthly rental for the extended period shall be $29,700.00. The extended period shall observe the same terms and conditions of this Lease with the sole exception of the increased rent.

**RENT.** The Tenant(s) shall pay to the Landlord the sum of $27,000 per month (hereinafter referred to as "Rent") for the duration of the Term of the Lease. The Rent shall be payable as follows(hereinafter referred to as the "Due Date"):

1

Ex. A

- At the time of moving in: The amount of $486,000 for the rental installment periods of the first 18 months.
- On April 1, 2024: The amount of $243,000 for the rental installment periods of the following 9 months.
- On January 1, 2025: The amount of $243,000 for the rental installment periods of the last 9 months.
A. **Late Rent.** If Rent is not paid within 5 days of the Due Date, the Rent shall be considered past due and a late fee of 5 % of the Monthly Rent past due shall be applied for every month Rent is late.
B. **Returned Checks.** In the event that a check intended as payment for Rent is dishonoured for whatever reason, the same shall be considered as Late Rent with the late fee being payable on the same.
C. **Application of Payments.** Whenever there are different sums owed by the Tenant(s) to the Landlord, any payment shall be applied first to those obligations other than Rent including but not limited to, Late Fee, repairs chargeable to the Tenant(s), and other charges notwithstanding any notations or specifications made by the Tenant(s) on the application of any payment paid to the Landlord.
D. **Rent Increases.** The Rent payable shall not be increased or otherwise modified during the Term of this Lease. Any increase in Rent shall only take effect after the expiration of the Term and exercised option provided in this Lease. Any increase in Rent to take effect upon renewal or extension of the Term of this Lease must be preceded by a 30 day notice of the same from the Landlord to the Tenant(s).
E. **Condominium Association Payments**: The Landlord shall be responsible for the payment of all monthly maintenance payments and any special assessments due to the condominium association. If the condominium association requires a security deposit in connection with Tenant's Lease, the landlord shall pay the same from Tenant's Security Deposit.

**SECURITY DEPOSIT.** The Tenant(s) shall handover to the Landlord the amount of $27,000 as Security Deposit upon the execution of this Lease (the "Security Deposit"). The receipt of such Security Deposit is hereby acknowledged by the Landlord who undertakes to hold the same in compliance with applicable laws, rules, and regulations.
A. **Deductions.** Upon the termination of the Lease, the Landlord may deduct the following from the Security Deposit:
  - Unpaid rent
  - Late fees
  - Unpaid utilities
  - Cost of repairs beyond ordinary wear and tear
  - Cleaning fee
  - Early termination fee
B. **Return.** The Security Deposit or the balance thereof shall be returned by the Landlord to the Tenant(s) within 60 days after the termination of the Lease or in accordance with the applicable law on Security Deposit, whichever is sooner. In the event that the Landlord shall make any allowable deduction, the

2

Landlord shall provide the Tenant(s) with an itemized list of all deductions made specifying the amounts and the respective expenses to which the Security Deposit or parts of it was applied.

C. **Tenant's Forwarding Address:** Upon vacating the Property any and all notices, communication and any other delivery may be made to the Tenant's forwarding address at: 1340 Stirling Rd, Suite 10 B, Dania Beach FL 33004.

**USE OF PROPERTY.** The Property as defined herein shall be for the sole and exclusive use and occupancy by the Tenant(s) and same's exclusive family Any Guest(s) of the Tenant(s) shall not be allowed to stay beyond 10 days without the consent of the Landlord. The Property shall be used solely and exclusively as a residence. The Property or any part of it shall not be used for any business, profession, vocation, or trade of any kind. The Tenant(s) undertake(s) to abide by any and all applicable laws, statutes, and rules covering the Property.

**CONDITION.** The Tenant(s) stipulates that The Property has been examined and that the Property is in good repair and is tenantable.

**ASSIGNMENT.** Under this Lease: **Subletting Not Allowed.** The Tenant(s) acknowledges that this Lease is not transferable and that the Tenant(s) may not assign the Lease, any part of the Lease or any of the rights or obligations herein. The Tenant(s) shall not sublet, sublease, or otherwise grant any other party any license or right in relation to the Property or this Lease. Any license, assignment sublease or agreement in violation of this clause shall be null and void with no legal force whatsoever.

**RIGHT OF ENTRY.** The Landlord shall have the right to enter the Property during normal working hours by providing at least 48 hours' notice in order for inspection, make necessary repairs, alterations or improvements, to supply services as agreed or for any reasonable purpose, but shall not disturb the tenant's quiet and peaceful enjoyment of the property.

**ALTERATIONS AND IMPROVEMENTS.** No alterations to or improvements on the Property shall be made by the Tenant(s) without prior express consent of the Landlord to the same in writing consent shall not be unreasonably withheld.

A. **Unauthorized Alterations or Improvements.** In the event that the Tenant(s) shall undertake alterations or improvements relating to the Property in violation of this section the same shall be considered a material breach of this Lease putting the Tenant(s) in default. The Landlord may, upon the Landlord's discretion, require the Tenant(s) to undo the alterations or improvements and restore the Property to its condition prior to any unauthorized alteration or improvement at the sole expense of the Tenant(s).

B. **Ownership of Alterations and Improvements.** In all cases of alterations, improvements, changes, accessories, and the like that cannot be removed from the Property without destroying or otherwise deteriorating the Property or any surface thereof shall, upon creation, become the Landlord's property without the need for any further transfer, delivery, or assignment thereof.

3

**DELIVERY OF POSSESSION.** The Landlord shall deliver to the Tenant(s) possession of the Property on the commencement of the Term of this Lease.

**HAZARDOUS MATERIALS.** Tenant(s) shall not keep on the Property any item of a dangerous, flammable, or explosive nature that might unreasonably increase the danger of fire or explosion on the Property or that might be considered hazardous or extra hazardous by any responsible insurance company.

**UTILITIES.** All utilities will be the responsibility of the Tenant(s).

**MAINTENANCE, REPAIR, AND RULES.** To the extent each of the following does not exceed $250.000,00, The maintenance of the Property, minor repairs, and servicing shall be the responsibility and sole expense of the Tenant(s), including but not limited to HVAC/air-conditioning units, plumbing fixtures (e.g., showers, bathtubs, toilets, or sinks). For the entirety of the term of this Lease, the Tenant(s) shall keep the property clean and in good repair. The Tenant(s) shall:

A. Comply with any and all rules or regulations covering the Property including but not limited to local ordinances, health or safety codes, those set forth in the Master Lease, and Condominium or Homeowner's associations, where applicable.
B. Dispose of any and all waste properly.
C. Not obstruct any structure intended for ingress, egress, passage or otherwise providing some type of access to, from or through the property.
D. Keep all windows, balconies, railings and other fixtures or structures visible from outside of the property free from laundry at all times.
E. Obtain consent of the Landlord prior to replacing or installing new deadbolts, locks, hooks, doorknobs, and the like.
F. Refrain from all activities that will cause unreasonable loud noises or otherwise unduly disturb neighbors and/or other residents.

**PETS.** Under this Lease: **Pets Allowed.** The Tenant(s) shall be allowed to pet(s) on the Property in accordance with the Condominium Association's rules and regulations. Landlord shall be held harmless in the event any of the Tenant's pets cause harm, injury, death, or sickness to another individual or animal. Tenant(s) is responsible and liable for any damage or required cleaning to the Property caused by any authorized or unauthorized animal and for all costs Landlord may incur in removing or causing any animal to be removed.

**QUIET ENJOYMENT.** The Landlord warrants that the Tenant(s) shall have quiet and peaceful enjoyment of the Property and hold the same free from molestation or interference from the Landlord or any other person or entity whose claim to the Property comes from the Landlord, subject to the terms and conditions of this Lease and compliance by the Tenant(s) with the same.

4

**INDEMNIFICATION.** The Landlord shall not be liable for any injury to the Tenant(s) or any other persons or property entering the Property occurring within the Property during the Term of the Lease. Neither shall the Landlord be liable for any damage to the structure within which the Property is located or any part thereof. The Tenant(s) hereby agrees to hold the Landlord harmless from and indemnify the Landlord for any and all claims or damage not arising solely from the Landlord's acts, omission, fault, or negligence.

**DEFAULT.** In the event that the Landlord breaches any of the terms and conditions of this Lease or any applicable laws, rules, or codes, the Tenant(s) may avail of any of the remedies available under the law. In the event that the Tenant(s) breaches or fails to comply with any of the terms and conditions of this Lease or any applicable laws, rules, or codes the Landlord shall afford the Tenant(s) 7 days to remedy or rectify the same. This period shall commence on the day the Tenant(s) receives written Notice of such breach or non-compliance with the request to rectify the same. If the Tenant(s) fail(s) to comply or rectify the breach or if the breach cannot reasonably be rectified or remedied, the Tenant(s) shall be in default. Upon the Tenant's default, the Landlord may terminate the Lease by sending the notice of default and consequent termination of the lease to the Tenant(s) and thereafter recover possession of the Property.

**ABANDONMENT.** In the event that the Tenant(s) abandon(s) the Property while rent is due the Landlord may declare the Lease terminated, recover possession of the Property, enter the premises, remove the Tenant's belongings and lease the same to another without incurring any liability to the Tenant(s) for doing the same. In the event of the abandonment of the Property, the Landlord may recover from the Tenant(s) unpaid Rent until the Property is leased to another person or otherwise occupied by the Landlord or another under the Landlord's right.

**ATTORNEYS' FEES.** In the event that Landlord should require the services of an attorney, file a suit or resort to other procedures in order to compel the Tenant's compliance with the Tenant's obligations, the terms of this Lease or other applicable laws, rules, or codes, the Tenant(s) agree(s) to reimburse all expenses incurred by the Landlord in doing the same. This provision is reciprocal in the event of landlord's failure to comply.

**COMPLIANCE WITH LAW.** The Tenant(s) undertakes to comply with any and all Federal or state laws, municipal or county ordinances, rules, regulations, codes, and all other issuances from authorized government authorities respecting the Property and the Tenant's occupation and use of the property.

**SEVERABILITY.** Should any provision of this Lease be found, for whatever reason, invalid or unenforceable, such nullity or unenforceability shall be limited to those provisions. All other provisions herein not affected by such nullity or dependent on such invalid or unenforceable provisions shall remain valid and binding and shall be enforceable to the full extent allowed by law.

5

**BINDING EFFECT.** The terms, obligations, conditions, and covenants of this Lease shall be binding on Tenant(s), the Landlord, their heirs, legal representatives, and successors in interest and shall inure to the benefit of the same.

**MODIFICATION.** The Parties hereby agree that this document contains the entire agreement between the Parties and this Lease shall not be modified, changed, altered, or amended in any way except through a written amendment signed by all of the Parties hereto.

**NOTICE.** All notices in relation to this Lease shall be delivered to the following addresses:

To the Tenant(s) at the address: 18501 Collins Ave., #1503, Sunny Isles, FL 33160
1340 Stirling Rd, Suite 10 B, Dania Beach FL 33004;

and

To the Landlord at the address:

_____

**EARLY TERMINATION.** The Tenant(s) shall not have the right to terminate this Lease before the end of the Term. If the Tenant(s) terminates this Lease early, the Landlord may seek damages as provided by law.

**DISPUTES.** If a dispute arises during or after the term of this Lease between the Landlord and Tenant(s), they shall agree to hold negotiations amongst themselves, in "good faith", before any litigation.

**RETALIATION.** The Landlord is prohibited from making any type of retaliatory acts against the Tenant(s) including but not limited to restricting access to the Property, decreasing, or cancelling services or utilities, failure to repair appliances or fixtures, or any other type of activity that could be considered unjustified.

**EQUAL HOUSING.** If the Tenant(s) possesses any impairment, mental or physical, the Landlord agrees to provide reasonable modifications to the Property in order to accommodate such impairments except in the case of modifications that would be too difficult or too expensive for the Landlord to provide. The Tenant(s) is/are encouraged to disclose to the Landlord any impairment(s) that may be aided by reasonable modifications to allow the Parties to identify the most beneficial modifications to the Property.

**PROPERTY DEEMED UNINHABITABLE.** If the Property is deemed uninhabitable due to damage beyond reasonable repair the Tenant(s) will be able to terminate this Lease by written notice to the Landlord and receive back all unearned advance rent. If said damage was due to the negligence of the Tenant(s), the Tenant(s) shall be liable to the Landlord for all repairs and for the loss of income due to restoring the

6

property back to a livable condition in addition to any other losses that can be proved by the Landlord.

**RADON GAS.** Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county health department.

**LEAD-BASED PAINT DISCLOSURE.** If the Property or any part of it was constructed prior to 1978, the Landlord shall provide a disclosure of information on lead-based paint and/or lead-based paint hazards, the receipt of the same in the form entitled "LEAD-BASED PAINT DISCLOSURE" hereby acknowledged by the Tenant(s).

**RIGHT OF FIRST REFUSAL.** The Tenant is hereby granted a Right of First Refusal (ROFR) to purchase or lease the Premises upon the same terms and conditions as any offer made by a third party during the Tenant's tenancy. Landlord shall immediately notify Tenant in writing of any offers to purchase or lease the Premises, and Tenant shall have SEVEN (7) days thereafter to notify Landlord in writing if Tenant elects to exercise Tenant's ROFR.

**REAL ESTATE AGENTS.** Cassa Realty Group LLC, represented by Silvana Carpintero; and Wide Bay Luxury, represented by Sara Mirmelli, are the real estate brokers and agents involved in the procurement of this Lease. Cassa Realty Group LLC shall receive a one-time flat commission of $18,000.00, and Wide Bay Luxury shall receive a one-time flat commission of $9,000.00. The commission for the lease shall be paid by the Landlord. If the Tenant purchases the Premises, the brokers shall split a six percent (6%) commission, which shall be payable by the Landlord/Owner.

**ENTIRE AGREEMENT.** This Lease and, if any, attached documents are the complete agreement between the Landlord and Tenant(s) concerning the Property. There are no oral agreements, understandings, promises, or representations between the Landlord and Tenant(s) affecting this Lease. All prior negotiations and understandings, if any, between the Parties hereto with respect to the Property shall be of no force or effect and shall not be used to interpret this Lease. No modification or alteration to the terms or conditions of this Lease shall be binding unless expressly agreed to by the Landlord and the Tenant(s) in a written instrument signed by both Parties.

7

**IN WITNESS WHEREOF,** the Landlord and Tenant(s) have executed this Lease in multiple originals as of the undersigned date(s).

**LANDLORD:**

FACSAN LLC, a Delaware limited liability company

In the Presence of:

_____

Signed Name of Witness #1

_Vanessa Paiz_____

Printed Name of Witness #1

By:___*Simon G. Nimes*_____

Simon G. Nimes, Its Manager

_Silvana Carpintero_____

Signed Name of Witness #2

_Silvana Carpintero_____

Printed Name of Witness #2

**TENANTS:**

In the Presence of:

_____

Signed Name of Witness #1 as to both

STEWART MIRMELLI

Printed Name of Witness #1

_____

Signed Name of Witness #2 as to both

AMRIKA CHARRAN

Printed Name of Witness #2

_____

Eliyahu Cohen

_____

Anna Tkachenko

STATE OF __Virginia_____

COUNTY OF __Newport News__

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☑online notarization, this __19th day of August__, 2022 by Simon G. Nimes, Manager of Facsan LLC, a Delaware limited liability company, on behalf of the company, who is personally known to me or has produced ____Passport_____ as identification.

_____

Notary Public  Vanessa Paiz

My Commission Expires: 6/30/2023

VANESSA PAIZ
Electronic Notary Public
Commonwealth of Virginia
Registration No. 7783998
My Commission Expires Jun 30, 2023

Completed via Remote Online Notarization using 2 way Audio/Video technology.

8

NotaryCam Doc ID: ada59625-f85d-4d7a-ab01-dd0a82d9813a

STATE OF _FLORIDA_

COUNTY OF _MIAMI-DADE_

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this _AUG. 21ST_, 2022 by ELIYAHU COHEN, who is personally known to me or who has produced _____ as identif cation.

_Stewart Mirmelli_

Notary Public
My Commission Expires:

Notary Public State of Florida
Stewart Mirmelli
My Commission GG 326643
Expires 05/31/2023


STATE OF _FLORIDA_

COUNTY OF _MIAMI-DADE_

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this _AUG. 21ST_, 2022 by ANNA TKACHENKO, who is personally known to me or who has produced _____ as identif cation.

_Stewart Mirmelli_

Notary Public
My Commission Expires:

Notary Public State of Florida
Stewart Mirmelli
My Commission GG 326643
Expires 05/31/2023

9

# LEASE ADDENDUM

This Lease Addendum ("Addendum") made on <u>September 14th</u>, 20<u>22</u>, is by and between:

**Landlord**: <u>FACSAN LLC</u> ("Landlord") with a mailing address of <u>Buenos Aires, Argentina</u>, and

**Tenant**: <u>Eliyahu Cohen and Anna Tkachenko</u> ("Tenant") with a mailing address of <u>Sunny Isles, FL</u>.

IT IS KNOWN that this Addendum shall be added to the lease agreement dated <u>August 18th</u>, 20<u>22</u> for the property located at: <u>18501 Collins Avem Unit 1503, Sunny ISles, FL 33160</u>.

The aforementioned lease agreement is hereby amended as follows:

1. Addendum 1 signed on August 31st shall be voided
2. Commencement date shall be on  09/21/2022
3. Tenant shall pay landlord the amount of $6,250
All other terms remain the same and in full force.

We, Landlord and Tenant, agree to aforementioned amendments to the lease agreement. Any changes made are legally binding upon signature of both parties.

**Landlord Signature** _Simon Gabriel Nimes_ |Date: 09/14/2022

Print Name  Simon Gabriel Nimes

**Tenant Signature** _E. C._ |Date: 09/14/22

Print Name _____

**Tenant Signature** _____ |Date: _____

Print Name _____



Page 1 of 1

Ex. B

Electronically Signed using eSignOnline™ [ Session ID : cfef3748-0368-4d10-ac9e-d8f4c578bb62 ]